UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,                                    Case No. 16-cr-149-pp

          Plaintiff,

v.

KENNTH LEE RIDDLE,

          Defendant.
_____

**ORDER DENYING DEFENDANT'S LETTER MOTION TO CORRECT
JUDGMENT (DKT. NO. 29)**
_____

At a hearing on July 18, 2017, the court revoked the defendant's supervised release, and sentenced him to serve a term of eight months in custody. Dkt. No. 26. The court gave the defendant a deadline of July 21, 2017 at 12:00 noon to surrender, so that he could get his children on a plane to California to stay with a relative until he'd completed the sentence. Id.

On the day he was scheduled to surrender—July 21, 2017—the defendant appeared in Milwaukee County Circuit Court on charges of Operating While Under the Influence—Third Offense (Wis. Stat. §346.63(1)(a)); Operating with a Prohibited Alcohol Concentration/passenger in car (Wis. Stat. §346.63(1)(b); and Disorderly Conduct (Wis. Stat. §947.01(1)). State v. Kenneth L. Riddle, Milwaukee County Circuit Court Case No. 2017CF003328, found at https://wcca.wicourts.gov. The defendant was turned over to Justice Point for supervision. Id. at Dkt. No. 24. Although the case was scheduled for a jury

1

trial, on October 18, 2017, the defendant pled guilty to the charge of having a prohibited alcohol level, id. at Dkt. No. 7, and the court sentenced him to serve a sentence of twelve months in the House of Corrections, straight time, id. at 6.

On October 30, 2017, this court received a letter from the defendant, sent from the Milwaukee County Jail. Dkt. No. 29. The defendant asked this court to "consider starting [his] 8 month sanction to begin running as of July 21st 2017 and continue running concurrently with [his] 12 month HOC sentence also beginning on July 20th 2017." Id. at 1. The defendant indicates that the state court judge told him to write to this court and make this request. He indicates that if this court grants the request, he will be able to reunify with his children "before [his] reunification timeline expires July 2018." Id. He says that if the reunification timeline expires, however, his children will be permanently placed in foster care. Id.

The court construes the defendant's letter as a motion to correct the judgment the court entered on July 20, 2017. There are two rules which allow for correction of a judgment: Federal Rule of Criminal Procedure 35 and Federal Rule of Criminal Procedure 36. Rule 35 provides that, within fourteen days after sentencing, the court "may correct a sentence that resulted from arithmetical, technical, or other clear error." The defendant did not file this motion within fourteen days of his July 18, 2017 sentencing, and he does not allege that the judgment contained any errors. So Rule 35 does not apply. Rule 36 says that at any time, the court may "correct a clerical error in a judgment . . . or correct an error in the record arising from oversight or omission." Again,

the defendant does not allege that his judgment contained an error or omission. So Rule 36 does not apply.

This court sentenced the defendant under the United States Sentencing Guidelines. There is a provision in the Guidelines which says that "if a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction [in federal court] . . . , the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. §5G1.3(c). This provision applies in cases where, at the time the federal court is imposing sentence, it anticipates that the defendant "will be sentenced in state court and serve a state sentence before being transferred to federal custody for federal imprisonment." Application Note 3 to U.S.S.G. §5G1.3(c). It also applies only when the state court offense "is relevant conduct to the instant offense of conviction." Id.

Section 5G1.3(c) does not apply here. As of the date this court sentenced the defendant—July 18, 2017—the court had no reason to anticipate that the defendant was going to be sentenced in state court on anything; he had not even been charged in state court on July 18, 2017. Further, the state-court conduct—driving with a prohibited alcohol level with a passenger in the car—is not relevant conduct to the federal offenses—various violations of the defendant's supervised release which occurred in March, May, June and early July 2017. See Dkt. No. 25 at 1-2.

As far as the court can tell, between 1:12 p.m. on July 18, 2017, when the federal sentencing hearing ended, and sometime before noon on July 21, 2017—the day he was supposed to surrender—the defendant got into a car with a passenger and drove while he was under the influence. He was arrested for that, and as a result, never appeared to surrender to serve his federal sentence. He then was prosecuted and convicted, and has been sentenced to serve twelve months in the House of Corrections (with ninety-two days' credit). If the defendant serves his entire state sentence, he will be eligible for release on July 18, 2018—273 days after his sentencing in state court.

The defendant asks this court to reopen his judgment and order that he serve his eight-month federal sentence concurrently with the sentence imposed by the state court judge three months later, so that he can complete both sentences before the deadline for him to reunify with his children. He says the reunification deadline is in July 2018, but does not say what day.

Regardless, the court does not have the authority to do what the defendant asks. This court imposed its sentence, not only before the state court judge imposed sentence, but before the state charges were even brought against the defendant. The court is not aware of any authority in the Sentencing Guidelines or other federal law allowing the court to reopen a judgment and order that the federal sentence run concurrently to a sentence imposed in a case that had not even been filed at the time the federal court imposed its sentence. The state court judge was the last judge to impose sentence. This court is not familiar enough with state law to know whether

state law would have allowed Judge Wall to impose his sentence to run concurrently to the one imposed by this court (given that the defendant hadn't yet surrendered to start serving his federal sentence when Judge Wall imposed the state sentence). But if state law did allow that, Judge Wall would have been the judge most likely to have that authority, not this court.

This court recalls the defendant's struggles as a single father with an addiction problem to try to keep his family together. The court allowed the defendant to self-surrender to serve his federal sentence solely to give him the opportunity to get his children on a plane to California, so that they would be cared for while he served his federal term. But it appears that, in allowing the defendant to self-surrender, the court ended up giving him the opportunity to drink and drive, and to pick up a new state charge. The court wants the defendant to be able to be with his children. But the court cannot do anything about the fact that after it gave the defendant the opportunity to self-surrender, he got in trouble on a new charge.

The court **DENIES** the defendant's letter motion to correct his sentence. Dkt. No. 29.

Dated in Milwaukee, Wisconsin this 2nd day of November, 2017.

                          **BY THE COURT:**

                          _____
                          **HON. PAMELA PEPPER
                          United States District Judge**